## Case No. 2,268a.

### BYRD v. GASQUET.

[Hempst. 261.] [1]

Superior Court, D. Arkansas. Jan., 1835.

INTEREST—AGREEMENT FOR MORE THAN LEGAL RATE.

1. Interest on a judgment, according to statute (Geyer, Dig. 239), cannot exceed 6 per cent., although the contract may bear a greater rate; and a judgment giving 8 per cent. prospectively is reversible.

2. The case of Henderson v. Desha [Case No. 6,351a], overruled.

Error to Pulaski circuit court.

[At law. Action by William A. Gasquet against Richard C. Byrd. There was a judgment for plaintiff, and defendant brings error. Reversed.]

Before LACY and CROSS, Judges.

OPINION OF THE COURT. In this case two questions only are presented: First, whether the court below erred in rejecting

[1] [Reported by Samuel H. Hempstead, Esq.]

the plea that the plaintiffs were not partners, on the ground that it was not sworn to; and, second, whether the judgment is regular in giving eight per cent. interest after its rendition.

The first question presents no difficulty. The plea offered was in abatement, and should have been verified by the oath of the party offering it. Geyer, Dig. p. 250, § 23. The second is of a more serious character, principally on account of the discrepancy in the decisions heretofore made in similar cases. If this court were now called upon for the first time to express an opinion on the subject, there would be no hesitancy in saying, that, in this country, no judicial tribunal, in ordinary cases, has the power to render judgment for prospective interest at a higher rate than six per cent. per annum. When a note or obligation is put in suit by action of assumpsit, debt, or covenant, interest may be calculated at a rate exceeding six per cent., and not more than ten, according to the agreement of the parties, and the judgment given for the amount due at the time of its rendition, but certainly for nothing more. The statute in force here on the subject of interest, it is said, authorizes and requires judgments like the one under consideration; otherwise the obligation of contracts for a higher rate of interest than six per cent. would be impaired. It is true that the statute does provide, that when the parties agree expressly, that any obligation shall bear interest, not exceeding the rate of ten per cent., the same shall be deemed legal, and the several courts are required to give judgment accordingly. Geyer, Dig. 240. But this provision does not change the matter in the slightest degree, as anything secured by it would be fully accorded, by calculating the interest at the rate agreed upon, and incorporating it in the judgment at the time of its rendition. After that time all accruing interest is on the judgment, and not on the obligation. A judgment giving six per cent. interest until paid would doubtless be sustained, but, when so expressed, would be no better than if nothing had been said upon the subject. The words giving it would be surplusage, merely expressive of the general rate to which the party would have been entitled without their insertion. Accruing interest being on the judgment, the first section of the statute referred to (Id. p. 239), fixing the general rate, steps in and relieves the question of all difficulty, by providing that creditors shall be allowed to receive at the rate of six per cent. per annum for all moneys after they become due, on bond, bill, promissory note, or other instrument in writing, or on any judgment recovered in a court of record, then or thereafter to be established. Six per cent., and no more, is given by the statute, on a judgment, and no distinction is made between judgments rendered on an obligation, or any other writing or description of evidence. In the case before us the action was founded on an obligation by which the plaintiff in error bound himself to pay a sum of money, at a given time, with eight per cent. interest from maturity, if not punctually paid. The judgment is for principal and interest at that rate, up to the time it was given, and also interest at the same rate until paid. The judgment, we know, is in accordance with the decision in the case of Henderson v. Desha [Case No. 6,351a], at the January term of this court, 1834. At the July term, 1834, however, in two cases, the same question arose, and was decided otherwise. It may therefore be fairly regarded as remaining unsettled. But, suppose there had been other cases decided in consonance with the case of Henderson v. Desha, would it be, if obviously erroneous, conclusive upon this court in the present case? We think not; for, although uniformity in judicial proceedings is desirable and necessary, yet, when precedents are unauthorized and oppressive, they ought not to be tolerated. Upon what, it might be asked in the case before us, is prospective interest at the rate of eight per cent. given? It cannot be answered, that it is upon the obligation, for that ceased to exist simultaneously with the rendition of judgment; nor can it be said that it is on the judgment, for interest on judgments is, by express statutory provision, limited to six per cent. In all cases where interest at a higher rate than six per cent. is allowed, it is a consequence growing out of the act of the debtor, sanctioned by the provision in the statute on the subject of interest.

We therefore think, that the judgment of the circuit court, in this case, is defective, in giving accruing interest at a higher rate than six per cent. Judgment reversed.